Lauriat, J.
The plaintiff, Fillion Associates, Inc. (“Fillion”), a Rhode Island corporation, brought this action against the defendant, Patrick J. Kennedy & Sons, Inc. (“Kennedy”), to recover money owed on a contract between Fillion and Kennedy involving a Metropolitan District Commission (“MDC”) project. Kennedy has now moved to dismiss the complaint on the grounds that Fillion has not filed a certificate with the Secretary of State and, therefore, pursuant to G.L.c. 181, §§4 and 9, Fillion may not maintain a contract action against it. Further, although not raised in its motion, at oral argument Kennedy asserted that Fillion’s G.L.c. 93A claim should be dismissed on the grounds that only a Massachusetts resident or a Massachusetts business has standing to bring a claim under G.L.c. 93A. For the reasons which follow, the defendant’s motion to dismiss is denied.
BACKGROUND
For the purposes of this motion, the court accepts the following factual allegations as true:
Kennedy was selected as the subcontractor in charge of the installation of swimming pool filtration equipment at two MDC public swimming pool construction projects. On or about March 24, 1994, Kennedy entered into a contract with Fillion to purchase pool equipment and supplies. Fillion completed its contractual obligations to Kennedy and the pools were completed on July 10,1994. Fillion alleges that, after several demands, it has still not received the remaining balance on its contract with Kennedy, which is $17,244.60. Kennedy contends that it cannot pay the outstanding balance on the contract because it has not been paid by the MDC, but that payment from the MDC will be forthcoming in February.
DISCUSSION
At the outset, the court notes that there was some confusion as to whether to treat this motion as a motion to dismiss, pursuant to Mass.R.Civ.P. 12(b)(6), or as a motion for summary judgment, pursuant to Mass.R.Civ.P. 56. Kennedy submitted, in support of its motion, a signed notation at the end of its motion, labelled “Certification Of Counsel.” While Attorney Handly insisted that the certification was sufficient to establish the truth of the matter asserted, the certification was not signed under the penalties of perjury and Attorney Handly refused to be cross-examined on the substance of the certification. Thus, the court concludes that Kennedy’s “Certification of Counsel” does not comport with the requirements of Mass.RCiv.P. 56(e) and may not be considered.[1] At the same time, Fillion proffered a witness in opposition to Kennedy’s motion but did not submit an affidavit in support of its opposition. Therefore, since neither party has properly filed any submissions in support of their respective positions, the court will treat this motion as a motion to dismiss, pursuant to Mass.RCiv.P. 12(b)(6).
I.
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyed v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146,152 (1975); WhitinsviUePlaza, Inc. v.Kotseas, 378 Mass. 85, 89 (1979).
Kennedy has moved to dismiss Fillion’s action on the grounds that Fillion, a foreign corporation, failed to file a certificate with the Secretary of State, pursuant to G.L.c. 181, §4, and therefore may not bring an action against Kennedy to collect on the contract. G.L.c. 181, §9 provides in relevant part,
[N]o action shall be maintained or recovery had in any of the courts of the commonwealth by the foreign corporation as long as such failure [to file a certificate] continues.
G.L.c. 181, §9. Because, as previously discussed, Kennedy’s “Certification Of Counsel” is inadmissible to prove the truth of its assertion, the court concludes that Kennedy has not sustained its burden of proving that Fillion has not filed in accordance with G.L.c. 181, §4. Moreover, the parties disagree as to whether Fillion is “doing business” in the Commonwealth for the purposes of the filing requirements imposed by G.L.c. 181, §4. The court is unable to resolve this dispute by resort to the pleadings. Accordingly, Kennedy’s motion to dismiss the complaint on this ground is denied.
II.
At oral argument, Kennedy asserted that Fillion could not properly bring its G.L.c. 93A claim against Kennedy because only Massachusetts residents and Massachusetts businesses have standing to bring G.L.c. 93A claims. Kennedy’s assertion has no basis *452 in the statutory language of G.L.c. 93A nor in the decisional law applying G.L.c. 93A. See Republic of Turkey v. OKS Partners, 767 F.Supp. 64 (D. Mass. 1992). (“Since its amendment in 1987, c. 93A has protected ‘persons’ ”... ‘Turkey is a ‘person’ able to bring suit under the statute.”) Thus, Kennedy’s oral motion to dismiss Fillion’s G.L.c. 93A claim is also denied.
ORDER
For the foregoing reasons, the Defendant Patrick J. Kennedy & Sons, Inc.’s Motion to Dismiss is DENIED. Because the amount in controversy, exclusive of multiple damages, interest, and attorneys fees, is alleged to be less than $25,000, this action will be ordered remanded to the District Court unless the parties, by or before February 28, 1995, submit affidavits substantiating a higher damage claim.

 Moreover, pursuant to G.L.c. 181, §4, Kennedy could have, and should have, obtained a certificate from the Secretary of State declaring whether Fillion had complied with the filing requirements of G.L.c. 181, §4.